IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEDIDIAH SHOEMAKER,

    Petitioner,

v.

CONNIE GIPSON, Acting Warden,

    Respondent.

No. C 11-02674 SBA (PR)

**ORDER (1) VACATING JULY 15, 2011 ORDER DISMISSING ACTION WITHOUT PREJUDICE; (2) REOPENING ACTION; (3) DIRECTING RESPONDENT TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED; AND (4) DENYING AS MOOT PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE PETITION**

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated July 15, 2011, the Court dismissed the petition because Petitioner had not paid the filing fee or provided the proper forms in support of his in forma pauperis (IFP) application. However, the record shows that Petitioner had in fact filed a complete IFP application along with a certificate of funds and his prisoner trust account statement on July 13, 2011. However, this form was not entered into the Court's electronic database until July 15, 2011, the same date the dismissal order was issued. In view of this, it is clear that the present petition was dismissed erroneously. Therefore, the Court's July 15, 2011 Order of Dismissal Without Prejudice is VACATED.

The Court now reviews the present petition. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1.    The Court's July 15, 2011 Order of Dismissal Without Prejudice is VACATED. The Clerk of the Court shall REOPEN this action.

2.    Petitioner's application to proceed IFP is GRANTED.

3.    The Clerk serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.[1] The Clerk shall also serve a copy of this Order on Petitioner at his current address.

4.    Respondent shall file with this Court and serve upon Petitioner, within **one-hundred and twenty (120) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5

---

[1] Connie Gipson, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

5. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

6. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

9. Petitioner motion for an extension of time to file his petition (docket no. 3) is DENIED as moot because he has already filed a petition in this action.

10. Connie Gipson, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

11. This Order terminates Docket nos. 2, 3 and 5.

IT IS SO ORDERED.

DATED: 8/5/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEDIDIAH SHOEMAKER,

    Plaintiff,

 v.

PEOPLE OF THE STATE OF CALIFORNIA et al,

    Defendant.
               /

Case Number: CV11-02674 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jedidiah Shoemaker G-16403
California State Prison - Corcoran
P.O. Box 3466
Corcoran, CA 93216-3466

Dated: August 5, 2011

              Richard W. Wieking, Clerk
              By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Shoemaker2674.VacateDisIFP&issueOSC.wpd 4