IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEDIDIAH SHOEMAKER,

    Petitioner,

  v.

CONNIE GIPSON, Acting Warden,

    Respondent.
_____/

No. C 11-2674 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND REQUIRING PETITIONER'S ELECTION REGARDING MIXED PETITION**

(Docket no. 9)

    Petitioner Jedidiah Shoemaker, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On August 5, 2011, this Court ordered Respondent to show cause why the petition should not be granted, or to file a dispositive motion if appropriate. Respondent has filed a motion to dismiss the petition because it is a mixed petition containing both exhausted and unexhausted claims. Petitioner has not filed an opposition to the motion to dismiss.

    For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss the petition as a mixed petition, and requires Petitioner to elect how to proceed with respect to his unexhausted claim.

## **BACKGROUND**

    According to the petition and to Respondent's statement of the case set forth in the motion to dismiss, following a trial by jury in the Contra Costa County Superior Court, Petitioner was convicted of voluntary manslaughter. The jury also found true that Petitioner had personally used and intentionally discharged a firearm, proximately causing great bodily injury or death.

    On May 2, 2008, he was sentenced to twenty-seven years in state prison. On November 25, 2009, the California Court of Appeal affirmed the judgment on direct appeal. On February 3, 2010, the California Supreme Court denied review. Petitioner did not seek collateral review in the state courts.

On June 3, 2011, Petitioner filed his federal petition for a writ of habeas corpus. On August 5, 2011, this Court issued an order to show cause on the following three claims: (1) the trial court abused its discretion in imposing the "high term" for voluntary manslaughter; (2) prosecutorial misconduct during cross examination of witnesses and closing argument; and (3) the trial court abused its discretion in refusing to strike a prior "strike offense." Respondent moves to dismiss the petition on the ground that Petitioner has failed to exhaust state remedies with respect to one of the three claims.

## **DISCUSSION**

In this case, Respondent moves to dismiss the petition on the ground that Petitioner's prosecutorial misconduct claim is not exhausted because it was not presented to the California Supreme Court for review. In support of the motion, Respondent has filed a copy of the opinion of the California Court of Appeal affirming the judgment of conviction, and of Petitioner's petition for review filed in the California Supreme Court. This documentation shows that while Petitioner presented his prosecutorial misconduct claim to the state appellate court, he did not in fact present that claim to the California Supreme Court.

Petitioner has failed to exhaust state remedies with respect to his prosecutorial misconduct claim. Therefore, as explained below, the action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982).

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable time limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Having concluded that Petitioner did not exhaust his prosecutorial misconduct claim in the California Supreme Court, the Court GRANTS Respondent's motion to dismiss the petition as a mixed petition that contains both exhausted and unexhausted claims. See Rhines, 544 U.S. at 273. Before entering a judgment of dismissal, however, the Court must provide Petitioner an opportunity to amend the mixed petition by striking his unexhausted claim as an alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while Petitioner returns to state court to exhaust his unexhausted claim. See Rhines, 544 U.S. at 277. Accordingly, Petitioner may choose either to amend his petition and proceed only with his exhausted claims, or request a stay of the petition while he exhausts his unexhausted claim in state court. A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his remaining claim in state court and the claim is potentially meritorious. See id.

Petitioner must notify the Court of his choice within **thirty (30) days** from the date of this Order, as set forth below. His failure to do so will result in the dismissal of this petition without prejudice as a mixed petition.

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss (docket no. 9) is GRANTED.

2. No later than **thirty (30) days** from the date of this Order, Petitioner shall either: (1) file an amended petition that includes only his exhausted claims and strikes the remaining unexhausted claim,[1] or (2) file a request for a stay of this matter while he exhausts his unexhausted claim in state court.

3. If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. C 11-2674 SBA (PR), as well as the words FIRST AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original petition by reference.

4. If Petitioner fails to file either an amended petition or a request for a stay as ordered herein by the thirty-day deadline, the petition will be dismissed without prejudice to Petitioner filing a new petition that contains only exhausted claims. Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

5. This Order terminates Docket no. 9.

IT IS SO ORDERED.

DATED: 3/13/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] If Petitioner chooses this option he probably will not be able to file a future federal petition containing the issues which are presently unexhausted, even if he exhausts them in the future, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEDIDIAH SHOEMAKER,

        Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV11-02674 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jedidiah Shoemaker G-16403
California State Prison - Corcoran
P.O. Box 3466
Corcoran, CA 93216-3466

Dated: March 13, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Shoemaker2674.grantMTD(exh).wpd      5