1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEDIDIAH SHOEMAKER,

        Petitioner,

  v.

CONNIE GIPSON, Acting Warden,

        Respondent.

_____/

No. C 11-2674 SBA (PR)

**ORDER STAYING HABEAS
PROCEEDINGS; DIRECTING
PETITIONER TO FILE QUARTERLY
STATUS REPORTS; AND DIRECTING
CLERK TO ADMINISTRATIVELY
CLOSE THIS CASE UNTIL THE COURT
ISSUES ORDER LIFTING STAY**

(Docket no. 12)

      Petitioner Jedidiah Shoemaker, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On August 5, 2011, this Court ordered Respondent to show cause why the petition should not be granted, or to file a dispositive motion if appropriate. On October 20, 2011, Respondent moved to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims. Petitioner did not file an opposition to the motion to dismiss.

      In an Order dated March 13, 2012, the Court granted the motion to dismiss and ordered Petitioner to make an election regarding how he wanted to proceed with regard to his unexhausted claim. Thereafter, on March 29, 2012, Petitioner filed a document entitled, "Petitioner's Notice of Motion to Dismiss Petition Without Prejudice," in which he informed the Court that he would like to request a stay of the proceedings while he completes the process of exhausting his unexhausted claim. This document shall be construed as a motion to stay his federal petition while he exhausts his remedies in state court.

      For the reasons stated below, Petitioner's motion to stay is GRANTED.

**DISCUSSION**

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, a stay is appropriate in the instant case because it appears that any newly filed habeas petition in this Court would likely be untimely. See Ford v. Hubbard, 305 F.3d 875, 885-86 (9th Cir. 2002) (requiring district court to grant petitioner's request to stay petition pending exhaustion of

United States District Court
For the Northern District of California

1   unexhausted claims where later-filed federal petition would be barred as untimely).  Accordingly,

2   Petitioner's request for a stay is GRANTED, subject to the conditions set forth below.

3                                              **CONCLUSION**

4          For the foregoing reasons, these proceedings are hereby STAYED pending Petitioner's

5   exhaustion of his state judicial remedies.  Petitioner must act diligently in exhausting his state

6   judicial remedies, or the stay may be lifted.  He must file quarterly reports describing the progress of

7   his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing

8   every **ninety (90) days** thereafter until his state court proceedings are terminated.  He must also

9   attach to his status reports copies of the cover page of any document that he files with or receives

10  from the state courts.

11         The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this

12  action.  Nothing further will take place in this action until Petitioner receives a final decision from

13  the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the

14  Court's stay and amend the stayed petition to add the newly-exhausted claim.

15         This Order terminates Docket no. 12.

16         IT IS SO ORDERED.

17  DATED: _____5/4/12_____       _Saundra B Armstrong_
                                                 SAUNDRA BROWN ARMSTRONG
18                                               United States District Judge

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\HC.11\Shoemaker2674.GRANTstay&ADclose.wpd   3

**United States District Court**
For the Northern District of California

1    UNITED STATES DISTRICT COURT

2    FOR THE

3    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    JEDIDIAH SHOEMAKER,                    Case Number: CV11-02674 SBA

7            Plaintiff,                     **CERTIFICATE OF SERVICE**

8      v.

9    PEOPLE OF THE STATE OF CALIFORNIA et
     al,

10

11            Defendant.
     _____/

12
     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
13   Court, Northern District of California.

14   That on May 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
15   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.

16

17

18   Jedidiah Shoemaker G-16403
     California State Prison - Corcoran
19   P.O. Box 3466
     Corcoran, CA 93216-3466

20

21   Dated: May 7, 2012

22                                          Richard W. Wieking, Clerk
                                            By: Lisa Clark, Deputy Clerk

23

24

25

26

27

28

     G:\PRO-SE\SBA\HC.11\Shoemaker2674.GRANTstay&ADclose.wpd    4

**United States District Court**
For the Northern District of California