IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEDIDIAH AUSTIN SHOEMAKER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON,<br><br>　　　　Respondent. | No. C 11-2674 SBA (PR)<br><br>**ORDER GRANTING IMPLIED MOTION TO RE-OPEN CASE, TO LIFT STAY, AND TO AMEND STAYED PETITION; ADOPTING INSTRUCTIONS IN FEBRUARY 14, 2013 ORDER TO SHOW CAUSE FILED IN CASE NUMBER C 12-4773 SBA (PR); AND SETTING NEW BRIEFING SCHEDULE** |
| JEDIDIAH AUSTIN SHOEMAKER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON,<br><br>　　　　Respondent. | No. C 12-4773 SBA (PR)<br><br>**ORDER OF DISMISSAL AS FILED IN ERROR** |

　　　　On June 3, 2011, Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in Case No. C 11-2674 SBA (PR) (2011 Case). In an Order dated May 4, 2012, the Court stayed the proceedings to allow Petitioner to exhaust state judicial remedies as to his unexhausted prosecutorial misconduct claim. (Dkt. 13 in 2011 Case.) The 2011 Case was administratively closed until Petitioner received a final decision from the highest state court, and then moved to re-open the action, lift the stay, and amend the stayed petition to add the newly-exhausted prosecutorial misconduct claim.

　　　　On September 12, 2012, Petitioner filed another petition, but he did not include the case number for the 2011 Case on the form. As a result, the Clerk of the Court opened a new habeas action, Case No. C 12-4773 SBA (PR) (2012 Case). In an Order dated February 14, 2013, the Court directed Respondent to show cause why the petition in the 2012 Case should not be granted. (Dkt. 7 in 2012 Case.) On June 11, 2013, Respondent filed a motion for an extension of time up to and including July 15, 2013, in which to file an answer to the petition.

Upon further review of the petition in the 2012 Case, the Court now finds that it is an amended petition that should have been filed in the 2011 Case. Therefore, the 2012 Case is DISMISSED because it was opened in error. The Clerk shall administratively close the 2012 Case and transfer all the documents filed in it to the 2011 Case.

Although Petitioner failed to follow the instructions to move to re-open the 2011 Case, to lift the stay, and to amend the stayed petition, the Court liberally construes his filing of a new petition as an implied motion to do so. Therefore, this implied motion is GRANTED. The Clerk is directed to re-open the 2011 Case, to lift the stay, and to designate the new petition filed in the 2012 Case as the "Amended Petition" in the 2011 Case. The Court's instructions in its February 14, 2013 Order to show cause in the 2012 Case shall be adopted in the 2011 Case. Finally, Respondent's pending motion for an extension of time to file an answer is GRANTED, and the parties shall abide by the new briefing schedule outlined below.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Case No. C 12-4773 SBA (PR) is DISMISSED as filed in error. The Clerk shall administratively close that case.

2. Petitioner's implied motion to re-open Case No. C 11-2674 SBA (PR), to lift the stay, and to amend his petition is GRANTED.

3. The Clerk shall RE-OPEN Case No. C 11-2674 SBA (PR).

4. The Clerk shall transfer the documents filed in Case No. C 12-4773 SBA (PR) to Case No. C 11-2674 SBA (PR), and mark each document as filed on the date they were received. Among these documents, the Clerk is directed to label the petition (Dkt. 1 in Case No. C 12-4773 SBA (PR)) as the "Amended Petition" in Case No. C 11-2674 SBA (PR).

5. The Court's instructions in its February 14, 2013 Order to show cause in Case No. C 12-4773 SBA (PR) shall be adopted in Case No. C 11-2674 SBA (PR), and briefing on the newly-designated "Amended Petition" shall proceed in Case No. C 11-2674 SBA (PR). Respondent's pending motion for an extension of time is GRANTED. The time in which Respondent shall file an

answer to the Amended Petition will be extended up to and until **July 15, 2013.** Petitioner shall file with the Court and serve on Respondent a traverse no later than **sixty (60) days** of receipt of the answer. Should Petitioner fail to do so, the Amended Petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's answer.

   6. This Order terminates Respondent's pending motion for extension of time, which will be filed in Case No. C 11-2674 SBA (PR).

   IT IS SO ORDERED.

DATED: 6/17/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.12\Shoemaker 12-4773 Close 11-2674 Reopen.wpd    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEDIDIAH SHOEMAKER,

        Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA
et al,

        Defendant.
_____/

Case Number: CV11-02674 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 17, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jedidiah Austion Shoemaker G-16403
California State Prison - Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: June 17, 2013

                                            Richard W. Wieking, Clerk
                                            By: Jessie Mosley, Deputy Clerk